Citation Nr: 1546220 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-25 728 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for a sleep disorder.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1987 to September 1991.

This matter comes before the Board of Veterans Appeals (Board) on appeal from a
October 2011 rating decision of the Department of Veterans Affairs (VA) Regional
Office (RO) in Indianapolis, Indiana.

As pointed out by the United States Court of Appeals for Veterans Claims (Court) , VA must consider the Veteran's potential entitlement to benefits, not only just for sleep apnea, but also for any other disorder reasonably encompassed by the Veteran's claim. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). Therefore, the Board will consider service connection for any sleep disorder.

In July 2014, the Veteran testified at a video conference hearing before the
undersigned Veterans Law Judge (VLJ). A transcript of the hearing is associated
with the claims folder.

The Board remanded this issue in December 2014 for further development.

This appeal was processed using VBMS (the Veterans Benefits Management System). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

VA's duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The Veteran asserts that he has a sleep disorder as a result of service. Specifically, he stated that fellow soldiers "couldn't stand to sleep in the same tent" with the Veteran because he snored so loud and sounded like he was choking. He further testified that, after service, his mother told him that he was snoring, having lapses of air and shortness of breath while he slept. His wife has made the same observations. See January 2012 notice of disagreement; see also July 2014 Board Hearing Transcript, p. 10.

As indicated above, the Board previously remanded this matter to obtain an outstanding sleep study and to afford the Veteran a VA examination. The March 2013 sleep study obtained on remand indicated that the Veteran did not have sleep apnea. Consequently, the RO only obtained a VA medical opinion (based on a review of the record) rather than a VA examination. The January 2015 VA examiner opined that the Veteran's sleep apnea was less likely than not due to service, reasoning that the sleep study was negative.

However, a November 2013 VA sleep medicine consult indicated impressions of EDS (Ehlers-Danlos syndrome) and hypersomnia. The Board finds that these diagnoses must be considered as part of the appeal. Accordingly, a medical examination is needed to determine what sleep disorder/s the Veteran has and whether any diagnosed sleep disorder is related to service. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to address the etiology of any currently diagnosed sleep disorder. The claims file, to include a copy of this remand, must be made available to the examiner for review in conjunction with the examination. All indicated tests should be conducted.

Following review of the claims file and examination of the Veteran, the examiner is asked to answer the following:

(a) Does the Veteran have a current sleep disorder? Please specify the diagnoses, if any. The examiner should discuss the November 2013 VA sleep medicine consult that indicated impressions of EDS and hypersomnia

(b) If a sleep-related disorder is diagnosed the examiner should state whether it is at least as likely as not (50 percent or greater probability) that the Veteran's sleep disorder(s): was incurred during his period of active service. (Please note, the Veteran is competent to attest to a continuity of any lay-observable symptoms since his active service). 

2. Thereafter, readjudicate the claim on appeal. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and an appropriate period of time to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 



action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).